No. 24,340.

H. B. McAuley and I. R. Eldred, Partners, doing business as McAuley and Eldred, *Appellees*, v. L. C. Cook, *Appellant*.

SYLLABUS BY THE COURT.

REAL-ESTATE AGENTS—*Purchaser Found—Contract Made—Commission Earned.* Where a real-estate agent, and an owner whose property the agent has sold, agree that the agent will wait for his commission until the purchaser makes a certain payment, the owner cannot refuse to accept the payment from the purchaser and then refuse to pay the agent his commission.

Appeal from Graham district court; CHARLES I. SPARKS, judge. Opinion filed March 10, 1923. Affirmed.

*C. L. Thompson*, of Hoxie, and *James O. McVey*, of Hill City, for the appellant; *Robert Stone, George T. McDermott*, and *Robert L. Webb*, all of Topeka, of counsel.

*W. L. Sayers*, and *J. S. Parker*, both of Hill City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from a judgment in favor of plaintiffs in a suit for a real-estate commission.

The defendant was the owner of 1,120 acres of land and made a

written agreement with plaintiffs, who were real-estate agents, by which defendant employed plaintiffs as exclusive agents to sell or exchange his land. This listing agreement recites: "Price $33,600 Cash $7,000 Balance $26,000 Int. 6% due 10 yrs. Commission to be all over $30 an acre land sells for." .The owner agreed to give warranty deed and to furnish abstract showing merchantable title within sixty days after sale.

Plaintiffs found a purchaser who, on August 30, 1920, entered into a written contract with defendant to buy the land for $39,200 ($35 per acre), on the following terms: to deed a residence property of the agreed value of $2,500; pay $1,000 by October 5, 1920, pay $7,000 March 1, 1921, and to give a note for the balance, $28,700, dated March 1, 1921, due in five years, bearing 6 per cent interest and secured by a first mortgage upon the land.

The residence property was conveyed to plaintiffs and accepted by them as a payment of $2,500 upon their commission, leaving a balance of commission as claimed by plaintiffs of $3,100, for which sum they brought suit in April, 1921.

In this suit defendant pleaded several defenses, but now urges only one, viz.: That at the time of signing the contract of sale, because the terms of payment differed from those named in the listing agreement by reason of which he was not receiving enough cash to pay the commission in full, the plaintiffs agreed to wait for the balance of their commission until the $7,000 payment was made; that the $7,000 payment was never made and therefore he owed the plaintiffs nothing. At the close of the evidence the court instructed the jury to return a verdict for plaintiffs, which was done, and judgment was rendered thereon. Defendant appeals and complains of the instruction and judgment of the court.

On the trial plaintiffs offered the listing agreement, the contract of sale, admitted they had received $2,500 of their commission, testified to general matters concerning the dealings, and that in April, 1921, they had demanded the balance of the commission from defendant, who said he did not expect to go ahead with the deal and that he did not expect to pay any more commission.

Defendant and his wife testified that when the sale contract was signed, there not being enough cash payment to pay the commission, the plaintiffs stated that they would wait for their commission, or for the balance of their commission, until the purchaser made the $7,000 payment. Defendant further testified that he did nothing

about getting his abstracts brought to date or furnishing them to the purchaser; that about March 1 the purchaser and a banker came to him and said he was ready to pay the $7,000 but he refused to take it. The purchaser also wanted the abstracts, and defendant said they were at the bank. Defendant further testified that he had leased 140 acres of the farm land until after harvest and wanted time (twenty days), to find a place before giving possession. The purchaser came to see defendant several times, trying to close the deal, but defendant and he could not agree and the deal was never closed.

It will be noted that the purchaser offered to pay the $7,000 and defendant refused to accept it. It seems quite clear from defendant's own testimony that the purchaser was making an honest effort to complete the purchase according to the terms of the contract of sale, and that defendant was trying to avoid it. Put in the most favorable light for defendant, plaintiffs agreed to wait for the balance of their commission until the purchaser paid the $7,000. At the time that payment was due the purchaser was ready and wanted to pay it, but the defendant refused to accept. He gives no reason that would justify his course. He cannot now defeat plaintiffs because this payment which he refused to accept was not made. There was nothing to submit to a jury and the court properly directed the verdict for plaintiffs.

Some questions are raised as to rulings of the court upon the admission of evidence, but we see no prejudicial error in any of the rulings. The defendant got before the court all the evidence he offered on his supposed defense, which by his own testimony was no defense. The judgment is affirmed.

DAWSON, J., not sitting.